UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SANCHEZ,<br><br>                                 Plaintiff,<br><br>v.<br><br>CORECIVIC, ONC. et al.,<br><br>                                 Defendants. | Case No.:  24cv885-L-VET<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

Defendants CoreCivic, Inc., CoreCivic, LLC, and CoreCivic of Tennessee, LLC (collectively Defendants) removed this tort action from State court pursuant to 28 U.S.C. §§1332(a) and 1441.  For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Consistent with the limited jurisdiction of federal courts, and with exceptions not applicable here, *see Dart Cherokee*

---

[1]  Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted.

1

24cv885-L-VET

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), the removal statute is strictly construed against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed[.]" 28 U.S.C. § 1441(a). Defendants' notice of removal is based on diversity pursuant to 28 U.S.C. §1332(a). Under section 1332(a), original jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the case is "between citizens of different states." To meet the diversity of citizenship requirement, a removing defendant must show "complete diversity of citizenship." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). This requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* Accordingly, Defendants are required to allege diversity, which includes "alleg[ing] affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert,* 265 F.3d 853, 857 (9th Cir. 2001).

Among other things, a removing defendant is required to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The liberal rules of pleading, stated in Rule 8(a) of the Federal Rules of Civil Procedure, apply to the allegations in the notice of removal. *Dart*, 574 U.S. at 87. Accordingly, a notice of removal must plausibly allege federal jurisdiction. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Defendants allege that CoreCivic, Inc. is a Maryland corporation with a principal place of business in Tennessee. (ECF No. 1, Notice of Removal at 2.) CoreCivic, Inc. is therefore a citizen of Maryland and Tennessee. *See* 28 U.S.C. § 1332(c)(1).

Defendants allege that CoreCivic, LLC and CoreCivic of Tennessee, LLC are corporations. (Notice of Removal at 2.) Given that Defendants refer to these entities as LLCs, the allegation that they are corporations is not plausible. Moreover, "[t]he court

2

need not ... accept as true allegations that contradict matters properly subject to judicial notice[.]" *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Defendants' allegation is contradicted by CoreCivic, Inc.'s securities filings. Public records such as Securities and Exchange Commission filings are subject to judicial notice. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of CoreCivic, Inc.'s 2023 Annual Report, Form 10-K, Exhibit 21.1 (List of Subsidiaries of CoreCivic, Inc.). (*See* https://www.sec.gov/edgar/search.) The exhibit lists CoreCivic, LLC as a "Delaware limited liability company," and CoreCivic of Tennessee, LLC as a "Tennessee limited liability company." (*Id.*) The citizenship of a limited liability company is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). The Notice of Removal does not provide any information regarding the membership of either of the LLC Defendants. It therefore does not meet Defendants' burden affirmatively to allege the citizenship of all relevant parties.

Alternatively, Defendants allege that Plaintiff, a natural person, is a California resident. (Notice of Removal at 2.) Defendants assume that Plaintiff is therefore a California citizen. This assumption is insufficient to allege Plaintiff's citizenship. Natural persons are citizens of the state where they are domiciled. *Kanter*, 265 F.3d at 857. "[R]esidency is not equivalent to citizenship. A natural person's state of citizenship is determined by her state of domicile, not her state of residence." *Ehrman v. Cox Comm'ctns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019). Accordingly, Defendants have not met their burden on this alternative ground.

For the foregoing reasons, Defendants have not met their burden to allege federal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This

/ / / / /

3

action is therefore remanded to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated:  May 21, 2024

Hon. M. James Lorenz
United States District Judge

4

24cv885-L-VET